NAME **Terry Hurn**

PRISON NUMBER **J-90989**

CURRENT ADDRESS OR PLACE OF CONFINEMENT **Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA. 93960-0689**

CITY, STATE, ZIP CODE

**Soledad, CA. 93960-0689**

**FILED**

MAR 1 7 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY HURN,** | Civil No. 08CV0079 W (RBB) |
| (FULL NAME OF PETITIONER) | (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT) |
| **PETITIONER** | |
| v. | |
| **BEN CURRY, Warden (A),** | **FIRST AMENDED** |
| (NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS]) | **PETITION FOR WRIT OF HABEAS CORPUS** |
| **RESPONDENT** | UNDER 28 U.S.C. § 2254 |
| and | BY A PERSON IN STATE CUSTODY |
| The Attorney General of the State of California, Additional Respondent. | |

1.  Name and location of the court that entered the judgment of conviction under attack:
    **San Diego County Superior Court**
    **San Diego, CA.**

2.  Date of judgment of conviction: **December 7, 1995**

3.  Trial court case number of the judgment of conviction being challenged: **SCD110490**

4.  Length of sentence: **35 years to life**

CIV 68 (Rev. Dec. 1998)                    ::ODMA\PCDOCS\WORDPERFECT\22833\1

5.  Sentence start date and projected release date: January 5, 1996/Unk.

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): Residential burglary.

7.  What was your plea? (CHECK ONE). Not guilty

    (X)  Not guilty

    (b)  Guilty

    (c)  Nolo contendere

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (x)  Jury

    (b)  Judge only

9.  Did you testify at the trial?

    Yes    No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    Yes    No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a)  Result: Conviction Affirmed.

    (b)  Date of result, case number and citation, if known: April 17, 1997 #D025195

    (c)  Grounds raised on direct appeal: Violation of 6th and 14th Amendments Trial court failed to exercise informed discretion regarding motion to strike priors.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a)  Result: Review denied

    (b)  Date of result, case number and citation, if known:  Unk.

    (c)  Grounds raised:  Same as on appeal.

CIV 68 (Rev. Dec. 1998)      **-2-**      ::ODMA\PCDOCS\WORDPERFECT\22833\1

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    XYes   No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number:   HC 18565/SCD 110490

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
       1. Trial court's determination that the Petitioner's 1990 conviction was a serious felony for the purposes of §667(b)-(i) breached the Petitioner's contract in violation of the Fourteenth Amendment due process clause.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes   XNo

    (e) Result: _Petition denied._

    (f) Date of result: August 10, 2006

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    XYes   No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: D049321

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
       1. Breach of contract; 2. Trial court's decision to deny the instant petition is in error and contrary to clearly established Claifornia law pertaining to contracts.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

    (e) Result: Petition denied.

    (f) Date of result: November 29, 2006

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: S148952

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
       1. Breach of contract; 2. Trial court's denial violation of clearly established law pertaining to contracts; 3. Appellate court failed to construe and review plea bargain in accordance w/state law of contracts.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

    (e) Result: Petition denied

    (f) Date of result: June 13, 2007

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    **Yes**   No   (IF "YES" SKIP TO #22)

(a)  If no, in what federal court was the prior action filed? 

    (i)  What was the prior case number? _____

    (ii)  Was the prior action (CHECK ONE):
       ☐ Denied on the merits?
       ☐ Dismissed for procedural reasons?

    (iii)  Date of decision: _____

(b)  Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☐ No

(c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. **Summarize** *briefly* **the facts supporting each ground.** If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

    (a) **GROUND ONE**: Trial court breached Petitioner's contract in violation of the Fourteenth Amendment due process clause.

   **Supporting FACTS** (state *briefly* without citing cases or law)

                  See Attached Memorandum

    **Did you raise GROUND ONE in the California Supreme Court?**
      X̶X̶es ... No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

    XXes    No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

                                    _____

    (e)  Grounds raised:

                                      _____

                                      _____

                                      _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing:  Cynthia Kay Bolden,
                                   233 A Street, suite 400
                                   San Diego, CA. 92101

    (b)  At arraignment and plea:

                                   Same as Above

    (c)  At trial:

                                   Same as above

    (d)  At sentencing:

                                   Same as above

    (e)  On appeal:David L. Kelly 8996 Mirmar Rd. ste.300, San Diego, CA. 92126

    (f)  In any post-conviction proceeding:

                                   None

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:

                                   None

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
     Yes   No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
     Yes   No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

      _____

   (b)  Give date and length of the future sentence: _____

      _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
                       SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_3-5-08_____   _____
     (DATE)                            SIGNATURE OF PETITIONER

# MEMORANDUM

## GROUND ONE

**THE TRIAL COURT BREACHED THE PLEA AGREEMENT IT MADE WITH THE PETI-ONER IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.**

## STATEMENT OF FACTS:

On May 15, 1990, in San Diego County Superior Court #F130765 the Petitioner entered into a plea agreement with the state for residential burglary. The Petitioner agreed to a six year sentence with ALL enhancements dismissed. There was no agreement that the conviction was for a serious felony, nor that it could be used for any future purposes. However, after the Petitioner signed and initialed the agreement, the state added the additional conseque-nce that the conviction would be considered a §667(a) prior ser-ious felony enhancement (5 yr. prior). And in 1996, the current court used the 1990 prior as a "Strike" in order to enhance the Petitioner's sentence to 35 years-to-life under the three strikes law.

## SUPPORTING CASES, RULES, AND AUTHORITIES:

Once the court approves a plea bargain, both sides are bound to the terms of the bargain (People v. Nelson (1987 194 Cal. App. 3d 77, 79 [defendant is bound by the terms of his plea ag-reement]; People v. Mancheno, supra, 32 Cal. 3d p.860 [the People

\#

\#

\#

1

1  bound by the terms of the plea agreement]).

2      "[T]he Supreme Court has... recognized that due process applies

3  not only to the procedure of taking the plea, but the requirements

4  of due process attached also to implementation of the bargain itself."

5  (People v. Walker (1991) 54 Cal. 3d 1013, 1024).

6      "[W]hen a guilty plea is entered in exchange for specific

7  benefits such as ... an agreed upon maximum punishment, both parties,

8  including the state, must abide by the terms of the agreement.

9  The punishment may not significantly exceed that which the parties

10  agreed upon." (People v. Walker, supra, 54 Cal. 3d at 1024). [t]he

11  variance must be 'significant' in the context of the plea bargain

12  as a whole to violate the defendant's rights." (People v. Walker,

13  supra, 54 Cal. 3d at p. 1024). There can be no doubt in the instant

14  case that the 35 year to life sentence the petitioner received

15  after the trial courts use of his 1990 plea agreement as a serious

16  felony (strike), when it was not agreed to that the conviction

17  would be for a serious felony exceeded significantly the punishment

18  the parties agreed upon and violated the petitioner's rights.

19      Recently, in Buckley v. Terhune, 441 F.3d (9th Cir. 2006 en

20  banc) the court affirmed the fact that a criminal defendant has

21  a due process right to enforce the terms of his plea agreement

22  (Id. at 694)(Santobello v. New York, 404 U.S. 257, 261-62 (1971);

23  See also Brown v. Poole, 337 F.3d 1158-59 (9th Cir. 2003)("[T]he

24  defendants'] due process rights conferred by the federal Constitution

25  allow [him] to enforce the terms of the plea agreement."); People

26  v. Mancheno, (1982) 32 Cal. 3d 855, 860 (Due Process requires that

27  the defendant be granted specific performance of the terms of the

28  plea agreement).

1    Again, in <u>Buckley</u> the court, in discussing plea agreements,

2 affirmed that in California "[a] negotiated plea agreement is a

3 form of contract, and it is interpreted according to general contract

4 principles", (People v. Shelton, 37 Cal. 4th 759, 767 (2006), and

5 "according to the same rules as other contracts", (People v. Toscano,

6 124 Cal. App. 4th 340, 344 (2004)(cited with approval in Shelton

7 along with other California cases to same effect dating back to

8 1982). Thus under <u>Adamson</u> (1987) [483 U.S.], California courts

9 are required to construe and interpret plea agreements in accordance

10 with state contract law (Buckley v. Terhune (2006) 441 F.3d at

11 695). However, the state in the instant case, just as in <u>Buckley</u>,

12 failed to construe and interpret the petitioner's 1990 plea agreement

13 in accordance with contract law before it determined that the 1990

14 conviction was a serious felony within the meaning of 1192.7(c).

15 In fact, the court failed to even consider the validity of the

16 plea agreement from 1990. And just like in <u>Buckley</u>, where the court

17 granted him relief, so also must the court in  this case grant

18 the petitioner relief for the same failure (Id. at 694-695).

19    In relation to contracts in California, <u>Buckley</u> held that

20 "[a]ll contracts, whether public or private, are to be interpreted

21 by the same rules.... (Id. at 695)(Cal. Civ. Code §1635; see also

22 Shelton, 37 Cal. 4th at 766-67; Toscano, 124 Cal. App. 4th at 344).

23 Thus in accordance with the established line of authority, the

24 petitioner's 1990 plea bargain is a contract and must be interpreted

25 and construed according to contract law. And when the petitioner

26 agreed to admit to the priors in the instant case, he was simply

27 agreeing that he had suffered the priors, not that the 1990 prior

28 plea agreement was not breached

## THE THREE STRIKES LAW

Penal Code 667(d)(1) reads in pertinent part "[t]he determination of whether a prior conviction is a prior felony conviction for the purposes of subdivision (b) to (i), inclusive shall be made upon the date of that prior conviction."

The plain wording of the phrase in section 667(d)(1), as applied to the instant case, is that when the petitioner was convicted and sentenced in 1990, at that time the court was supposed to determine if his prior conviction was a prior serious felony conviction. This does not fall into the category of a collateral consequence advisement. Rather, it is an inseparable cog in a sentencing scheme. It is a statutorily mandated direct consequence that must be advised of for the plea to be valid (Corley v. DMV (1990) 222 CA 3d 72, 77, 271 CR 406). However, in the case of a plea bargain where the conviction is not intended to be a serious felony conviction, this consequence would not be a part of the terms, as is the case in the situation at bar.

Nevertheless, despite the plain and clear wording in the statute, trial court in 1996 forsook the petitioner's 1990 plea agreement and determined that the 1990 prior qualified as a prior serious felony conviction for the purposes of subdivision (b) to (i). In order to circumvent the legislative intent of the Three Strike Law, courts have relied on cases such as People v. Green (1995) 36 Cal, App. 4th 281-282 42 Cal. Rptr. 2d 249. The Green Court interpreted the phrase in section 667 (d)(1) that "[t]he determination [as to whether a prior offense qualifies as a 'strike'] ... shall be made upon the date of that conviction to mean that the court is presently required to look backward to see if, at the time of the conviction

4

1  of the past offense, such past offense qualified as a serious or

2  violent offense (Id. at 281-282). This is an unreasonable interpre-

3  tation and application of the actual statute. Language has been

4  omitted and added that the authors of the law did not intend, thereby

5  altering the intent of the Legislature.

6      In People v. Harper, 135 Cal. Rptr. 2d 120 (Cal. App. 4 Dist.

7  2003) the court held that "we begin [to determine the Legislatures

8  intent of a statute] with the words of the statute, giving them

9  their ordinary meaning (Id. at 175-176, In re Christian S. (1994)

10  30 Cal. Rptr. 2d 33, 872 P.2d 574). The Legislature's choice of

11  words is usually the best indicator of its intent (Id. at 123; In

12  re Carr (1998) 65 Cal. App. 4th 1525, 1530, 77 Cal. Rptr. 2d 500;

13  Freedom Newspapers, Inc. v. Orange County Employees Retirement System

14  (1993) 6 Cal. 4th 821, 826, 25 Cal. Rptr. 2d 148, 863 P.2d 218)....

15  The court's cannot "ignore the actual words of the statute in an

16  attempt to vindicate [the court's] perception of the Legislature's

17  purpose in enacting the law (Id. at 123; Murrillo v. Fleetwood Enter-

18  prises, Inc. (1998) 17 Cal. 4th 985, 993, 73 Cal. Rptr. 2d 682,

19  953 P.2d 858). However, in the instant case, this is exactly what

20  the trial court did, relying on cases such as Green that attempt

21  to vindicate its perception of Legislative intent by ignoring the

22  clear and ordinary meaning of the words in section 667 (d)(1) and

23  adding its own words. "Courts may not rewrite statutes to supply

24  omitted terms or to conform to an assumed, unexpressed legislative

25  intent."[Citation.]. It is, of course, up to the Legislature, and

26  not the courts, to rewrite statutes (Id. at 123; Western/California

27  Ltd. v. Dry Creek Joint Elementary School Dist. (1996) 50 Cal. App.

28

1  4th 1461, 1488, 58 Cal. Rptr. 2d 220; Warmington Old Town Associates

2  v. Tustin Unified School Dist. (2002) 101 Cal. App. 4th 840, 857

3  124 Cal. Rptr. 2d 744). By taking it upon itself to determine that

4  the petitioner's 1990 conviction was a serious felony conviction

5  for the purposes of section 667 (b) to (i) the trial court misapplied

6  the statute and breached the petitioner's contract. Furthermore,

7  he was prejudiced by the fact that without the 1990 strike, he faced

8  a two strike sentence, but with the 1990 strike he was sentenced

9  to an indeterminate sentence.

10

11                          **AMBIGUITY**

12

13      Continuing in Buckley 441 F.3d at 695, the court declared that

14  [a] court must first look to the plain meaning of the agreements

15  language (Cal. Civ. Code §1638, 1644). If the langauge in the contract

16  is ambiguous, "it must be interpreted in the sense in which the

17  promisor believed at the time of making it, that the promisee under-

18  stood it." (Cal. Civ. Code §1649). The inquiry considers not the

19  subjective belief of the promisor, but rather the "objective reason-

20  ableness" expectation of the promisee (Bank of the West v. Superior

21  Court, 2 Cal. 4th 1254, 1265 (1992); Badie v. Bank of Am., 67 Cal.

22  App. 4th 779, 802 n.9 (1998)("Although the intent of the parties

23  determines the meaning of the contract, the relevant intent is

24

25

26

27

28

                                  6

1  objective - that is, the objective intent as evidenced by the words

2  of the instrument, and not a party's subjective intent."(internal

3  Quotation marks and citation omitted)). Courts look to the "objective

4  manifestations of the parties' intent...." In the instant case,

5  the contract revealed in exhibit A is the instrument that contains

6  the words showing the objective intent. And the words do not mention

7  that the conviction in 1990 would be a serious felony conviction -

8  again, a mandatory advisal, if the intent of the court in 1990 was

9  for    the conviction to be one within the meaning of 1192.7(c).

10 Furthermore, the court in 1990 showed its relevant intent by making

11 a part of the agreement the dismissal of all enhancements against

12 the petitioner, thereby indicating its proneness to not alleging

13 serious felony enhancements.

14      Nevertheless, if after this second inquiry the ambiguity remains

15 "the language of a contract should be interpreted most strongly

16 against the party who caused the uncertainty to exist." (Cal. Civ.

17 Code §1654; see also Toscano, 124 Cal. App. 4th at 345 ("ambiguities

18 [in a plea agreement] are construed in favor of the defendant.").

19      In the case at bar, the petitioner does not believe that there

20 is any ambiguity. The terms and consequences were clearly expressed

21 in the contract (Exh. A). And there was no mention or agreement

22 that the 1990 conviction was a serious felony conviction. The bargain

23 was for a six year prison sentence with all enhancements dismissed

24 and the consequences enumerated on the plea form , minus the sub-

25 sequently added consequence: "5 yr. prior."

26      The petitioner acknowledges that the written in portion of

27 the "Consequences of the Plea" stating that one of the consequences

28 was a five year prior may display some ambiguity (See Exh. A at

7

#8b (f)). However, the court in <u>Buckley v. Terhune</u>, 441 F.3d 688 (2006) dealt specifically with such an issue.

The court in <u>Buckley</u> described conflicting paragraphs in the agreement that created ambiguity. In the first paragraph Buckley agreed to a maximum fifteen year prison sentence. He then initialed and signed the agreement. At a later time the prosecutor added a paragraph which made it appear that Buckley had agreed to a sentence of fifteen years to life in prison (Id. at pp. 691-692). In granting Buckley's habeas corpus for breach of contract, the court held that the added paragraph by the prosecution created ambiguity in the language of the contract, and that "[A]fter finding an ambiguity in the language of a contract, we must next attempt to resolve the uncertainty by looking to the "objective reasonableness" expectations of the promisee (Bank of the West, 2 Cal. 4th at 1265, 10 Cal. Rptr. 2d 538, 833 P.2d 545; Cal. Civ. Code §1649; Buckley, supra at p. 695). In the petitioner's case, the fact that the 1990 court was willing to dismiss all enhancements - which included 667 (a) priors - and the fact that the terms of the agreement, before the penciled in consequence of a five year prior, did not include the conviction being a serious felony conviction within the meaning of 1192.7(c) the objective reasonable expectation of the petitioner was that the conviction would not be a serious felony conviction.

Again, if the language of the contract is ambiguous, it should be interpreted most strongly against the party who caused the uncertainty to exist." (Cal. Civ. Code §1654; see also Toscano, 124 Cal. App. 4th at 345). And in the instant case it is obvious that it was the state who added the consequence of a five year prior to the petitioner's agreement. A consequence that was added after the

8

1  petitioner initialed and signed the agreement. Thus the language

2  of the contract must be interpreted most strongly against the state.

3  Ambiguities in a plea agreement are construed in favor of the defend-

4  ant (Toscano, 124 Cal. App. 4th at 345).

5

6                    ENACTING SUBSEQUENT LAWS,
                     AND ITS EFFECT ON PLEA
7                    AGREEMENTS.

8        "[L]aws enacted subsequent to the execution of an agreement",

9  however, "are not ordinarily deemed to become part of the agreement

10 unless its langauge [in the agreement] clearly indicates this to

11 have been the intention of both parties [citations.]." (City of

12 Torrance v. Worker's Comp. App. Bd. (1982) 32 Cal. 3d 371, 379 185

13 Cal. Rptr. 645, 650 P.2d 1162 (quoting Swenson v. File (1970) 3

14 Cal. 3d 389, 393, 475 P.2d 852). Because the petitioner's contract

15 from 1990 make no determination that the conviction would be a serious

16 felony conviction for any purposes, the use of it is a breach of

17 contract when used for the purposes of section 667(b) to (i), a

18 subsequently enacted law.

19       Though People v. Gipson (12 Cal. Rptr. 3d 478, 481 (Cal. App.

20 5th Dist. 2001) emphasized the state's reserve power to amend a

21 law or enact additional laws, this cannot apply to the petitioner's

22 1990 agreement. Again, there is no indication in the prior agreement

23 that allows for the conviction to be used for any purpose; that

24 the conviction was a serious felony conviction.

25       The court in Gipson held that it is well settled the existing

26 applicable law is part of every contract, the same as if expressly

27 referred to or incorporated in its terms (Id. at 481). However,

28 the court in Buckley v. Terhune, 441 F.3d 688, 699, in relation

to terms of plea agreements, has in effect overruled this line of reasoning.

In <u>Buckley v. Terhune</u>, 441 F.3d 688, 699 the court dealt with an argument similar to the issue in Gipson. The state in Buckley agrued that a determinate fifteen year prison term was not a lawful sentence for second degree murder under California law, indicating that despite the fact that the state agreed to only a fifteen year sentence, the existing applicable law required a fifteen year to life sentence. In its rejection of the state's argument the Buckley court held that "Consistent or not with the state's sentencing statute, that is the bargain that California made in 1987. Buckley has fulfilled his promises, and it is now too late for the state to argue that it was not in a position to offer him a fifteen year sentence in exchange. As we stated in <u>Brown</u>, addressing an identical argument: "This may be a problem for the state, but not for [the defendant.]", 337 F.3d at 1161" (Id. at 699).

Just as in the Buckley case, the petitioner entered into agreement with the state in 1990 that did not include the use of the conviction as a serious felony prior conviction for any purposes. At the time he entered the agreement, the existing law dictated that burglary was a serious crime within the meaning of 1192.7(c), and a 667(a) prior conviction. However, the fact that the conviction was not determined to be either a serious felony conviction or a 667(a) prior excludes the current court from looking back and determining what the past court intended despite the fact that it did not enumerate those terms in the agreement. The court in 1990 made the terms of the plea bargain clear and explicit (not including the later added consequence of a five year prior that

10

1  the petitioner never agreed to). And it is the clear and explicit

2  langauge of an agreement that governs (Cal. Civ. Code §1636, 1639).

3  In effect, no subsequently enacted law can alter a contract unless

4  the language in the agreement clearly indicates this to have been

5  the intention of both parties (City of Torrance v. Worker's Comp.

6  App. Bd. (1982) 32 Cal. 3d 371, 379 185 Cal. Rptr. 645, 650 P.2d

7  1162 (quoting Swenson v. File (1970) 3 Cal. 3d 389, 393, 475 P.2d

8  852).

9

10                          **BREACH OF CONTRACT**

11

12       Where a plea agreement is breached, the purpose of the remedy

13  is, to the extent possible, to "repair the harm caused by the breach"

14  (Toscano, 124 Cal. App. 4th at 345 (citing People v. Kaanehe, 19

15  Cal. 3d 1, 14 (1977)).

16       In Buckley v. Terhune, 266 F.Supp. 2d at 1143, the court des-

17  cribes two available remedies at law for the breach of an agreement:

18  Withdrawal of the plea (i.e. recission of the contract) and specific

19  performance (see also Santobello, 404 U.S. at 263 (posting the

20  same two alternative remedies.)).

21       In the instant case, due process requires that the petitioner

22  be granted specific performance of the terms of the plea agreement

23  (People v. Mancheno (1982) 32 Cal. 3d 855, 860), which in this

24  case means that the 1990 conviction from a plea agreement cannot

25  be used as a strike under 667 (b) thru (i) because it was not a

26  term of the agreement.

27       The petitioner acted on the bargains that he made. He pled

28  guilty and served the agreed upon sentences. In so doing, he has

1  "paid in a coin that the state cannot refund." (Brown v. Poole,

2  337, F.3d at 1161). Recission of the plea agreement cannot repair

3  the harm caused by the state's breach (see Carter v. McCarthy,

4  806 F.2d 1373, 1377 (9th Cir. 1986)). That harm can best be addressed

5  by holding the state to its agreements and affording the petitioner

6  the benefit of his bargain, which in this case is vacating the

7  current 35 year to life sentence that is based on the use of the

8  1990 agreement as a strike, remanding the petitioner to court

9  for resentencing without using the 1990 conviction as a prior felony

10 enhancement (i.e. a strike).

11

12                              **CONCLUSION**

13

14      In conclusion, the trial court breached the contract made

15 between the petitioner and the state in 1990 when it determined

16 the prior to be a prior felony conviction for the purposes of section

17 667 (b) thru (i) without construing or interpreting the plea bargain

18 under contract law, thereby effectively adding terms and consequences

19 of a subsequently enacted law to the petitioner's agreement in

20 breach of contract. And the state's breach has prejudiced the petit-

21 ioner by making him eligible  to be sentenced to life in prison

22 rather than a determinate sentence.

23      For the foregoing reasons, the petitioner requests that the

24 court grant the petition, and vacate his sentence of 35 years to

25 life, drop the 1990 strike prior, and resentence the petitioner

26 to a sentence consistent with the crimes charged in the underlying

27 conviction.

28

F I L E D
Clerk of the Superior Court

AUG 1 0 2006

By: _____A T_____ , Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF:  )  HC 18565
                                       )
                                       )  SCD 110490
TERRY HURN                             )
                                       )
                                       )
                  Petitioner.          )  ORDER DENYING PETITION FOR
                                       )  WRIT OF HABEAS CORPUS
                                       )
———————————————————————————————————————)

        AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE

COURT FILE IN THE ABOVE-REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

        On December 7, 1995, Petitioner was convicted by a jury of first degree residential burglary

(Penal Code §§ 459/460.)  Petitioner admitted allegations he had been convicted of two serious

felony priors (Penal Code § 667(a)(1)), served two prior prison terms (Penal Code § 667.5(b)), and

had two prior serious or violent felony convictions (Penal Code § 667(b)-(i)).  Petitioner was

sentenced under the three strikes law to a term of twenty five years to life and to two additional

terms of five years each on the allegations.  All sentences were imposed consecutively, for a total

term of 35 years to life.

        Petitioner appealed his conviction on grounds that: 1) the trial court abused its discretion by

admitting details of a prior burglary into evidence, and 2) his sentence is invalid because the court

misunderstood its power to strike a prior conviction in the furtherance of justice.  The Court of

Appeal, Fourth Appellate District, Division One, remanded for resentencing but rejected the remaining contentions. (Case No. D025195.)

Petitioner filed the instant petition for writ of habeas corpus June 13, 2006. Petitioner states that in 1990 he pled guilty to residential burglary which was used as a serious felony prior in the calculation of the instant sentence. Petitioner claims relief on grounds the 1990 plea bargain did not inform him the conviction would be a serious felony prior. Specifically, Petitioner alleges the state amended his plea bargain to include the prior, after Petitioner had already initialed and signed the agreement.

The Petition is denied for the following reasons.

First, every petitioner, even one filing in pro per, must set forth a *prima facie* statement of facts that would entitle him to habeas corpus relief. (*In re Bower* (1985) 38 Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875, fn 4.) The petitioner then bears the burden of proving the facts upon which he bases his claim for relief. (*In re Riddle* (1962) 57 Cal.2d 848, 852.) Vague or conclusory allegations do not warrant habeas relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Defendant's assertions must be corroborated independently by objective evidence. (*In re Alvernaz* (1992) 2 Cal.4th 924, 933.) The petition should include copies of "reasonably available documentary evidence in support of claims . . ." (*Duvall, supra,* 9 Cal.4th at 474).

Petitioner has attached a copy of the relevant portions of the 1990 plea agreement. It does appear a "five year prior" was added as a potential consequence of the plea under "8b" of the agreement. However, it is impossible to determine, based on the copy of the plea alone, whether the addition was made before or after Petitioner initialed and signed the agreement, or if the "addition" actually amended the plea[1]. Petitioner has included no other objective evidence which would aid this court in that determination. Ultimately, Petitioner's conclusion is supported solely by his unsubstantiated self-serving statements, which alone do not entitle him to habeas corpus relief. (*Alvernaz, supra,* 2 Cal.4th at 945.) Accordingly, this court finds Petitioner has not met his *prima facie* burden.

---

[1] "8b" of the plea agreement lists possible consequences of the plea and indicates applicable consequences are to be circled; the "five year prior" is not circled.

-2-

Second, Petitioner's claim appears to be untimely. There are no fixed limits on filing writs of habeas corpus, and mere delay, no matter how great, will not compel denial. (*In re James* (1952) 38 Cal.2d 302, 309.) However, the courts do require diligence in seeking relief when the facts are known and other conditions make it possible to apply for the writ. In cases of substantial delay, the petition must set forth the facts which explain and excuse it. (*In re Clark* (1993) 5 Cal.4th 750, 765; *In re Swain* (1949) 34 Cal.2d 300, 304.) When a petition appears untimely, the Petitioner has the burden of establishing either (1) an absence of substantial delay, (2) good cause for the delay, or (3) that his claims fall within an exception to the timeliness bar. (*In re Robbins* (1998) 18 Cal.4th 770, 780.) The exceptions to the timeliness bar are (1) error of constitutional magnitude that led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner, (2) the petitioner is actually innocent of the crime or crimes of which he or she was convicted, (3) the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death, or (4) the petitioner was convicted or sentenced under an invalid statute. (*Id.* at p. 780-781.) Petitioner makes no such showing.

Moreover, this petition raises arguments which could have been raised on appeal. The general rule is that habeas corpus cannot serve as a substitute for an appeal, and that matters that "could have been, but were not, raised on a timely appeal from a judgment of conviction" are not cognizable on habeas corpus in the absence of special circumstances warranting departure from that rule. (In re Clark (1993) 5 Cal.4th 750, 765 [quoting In re Dixon (1953) 41 Cal.2d 756, 759; In re Walker (1974) 10 Cal.3d 764, 773.] Petitioner makes no attempt to argue special circumstances.

The petition for writ of habeas corpus is hereby DENIED in its entirety.

A copy of this order shall be served upon 1) Petitioner and 2) the Office of the San Diego County District Attorney (Appellate Division).


IT IS SO ORDERED.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102

**FILED**
Clerk of the Superior Court
AUG 1 4 2006
By: _____, Deputy

PLAINTIFF(S)/PETITIONER(S)

The People of The State of California

DEFENDANT(S)/RESPONDENT(S)

TERRY TURN

JUDGE: ____
DEPT: ____

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
**(CCP 1013a(4))**

CASE NUMBER
HC18565
SCD110490

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at: ☒ San Diego ☐ Vista ☐ El Cajon ☐ Chula Vista ☐ Oceanside ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| TERRY HURN | PO BOX 689<br>SOLEDAD, CA 93960-0689 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

STEPHEN LOVE
CLERK OF THE SUPERIOR COURT

Date: 08/14/06 _____    By _____, Deputy

SDSC CIV-286(Rev 11-99)    **CLERK'S CERTIFICATE OF SERVICE BY MAIL**

S148952

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re TERRY HURN on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JUN 1 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

_____
Chief Justice

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

In re TERRY HURN

on

Habeas Corpus.

D049321

(San Diego County
Super. Ct. No. SCD130490)

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices
Nares, Haller and McDonald. We take judicial notice of the opinion in the direct appeal,
D025195.

A jury convicted Terry Hurn of first degree residential burglary. Hurn admitted he
had served two prior prison terms and had two prior serious/violent felony convictions.
The court sentenced Hurn to a term of 35 years to life in prison. We affirmed the
judgment of conviction on April 7, 1997, but remanded for resentencing in light of
*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Hurn indicates the sentence
remained the same after resentencing.

Hurn contends his 1990 conviction for residential burglary should not have been
used to enhance his sentence in 1996 because an enhanced sentence in a future
prosecution was not part of the 1990 negotiated guilty plea. Hurn asserts a handwritten
notation on the plea form listing "5 yr. prior" as a possible consequence of the plea was
added after he executed the agreement. He wants the 35 years-to-life sentence vacated
and the matter remanded for resentencing without using the 1990 conviction as a "strike."

Sentence enhancements for prior serious/violent felony convictions may be based
on a judgment of conviction by jury verdict or guilty plea. (See *People v. Flint* (1986)
180 Cal.App.3d 13, 20-21.) In guilty plea cases, the defendant must be advised of all
*direct* consequences of the conviction, but the trial court has no duty to advise a
defendant that in the event he or she commits a subsequent felony, he or she could be
subject to an enhanced punishment as a result of the guilty plea. (*People v. Crosby*

(1992) 3 Cal.App.4th 1352, 1355-1356.)  An enhanced sentence in a future prosecution for a yet uncommitted crime is an indirect, collateral consequence of a guilty plea.  (*Id.* at p. 1356.)  The determination whether a prior conviction is a "strike" is not made at the time of the prior conviction.  (*People v. Green* (1996) 50 Cal.App.4th 1076, 1086.)  The trial court had no duty to advise Hurn at the time of his guilty plea in 1990 that he could be subject to an enhanced sentence in the event he committed a felony in the future. Regardless of the "5 yr. prior" notation on the change of plea form, the People could not and did not promise Hurn in 1990 that his conviction would not be used to enhance a future sentence.  Hurn has not shown his sentence is illegal.

The petition is denied.

McDONALD, Acting P. J.

Copies to:  All parties

2

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ Terry Hurn _____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

_Terry Hurn_____, CDCR #:J-90989_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: DW217Up
SOLEDAD, CA  93960-0689.

On _____, I served the attached:

Petition For Writ of Habeas Corpus/Motion and Declaration Under

Penalty of Perjury In Support Of Motion To Proceed In Forma
Pauperis

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

United States District Court
Southern District of California
880 Front Street #4290
San Diego, CA. 92101-8900

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on 3-5-08    .

Terry Hurn, In Pro Per
Declarant