1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | MARILYN L. GEORGE, State Bar No. 119232
Deputy Attorney General
6 |  110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-3038
Fax: (619) 645-2191
9 | Email: Marilyn.George@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **TERRY HURN,**                          | 08cv0079-W (RBB)

15 |                          Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN**

16 |        v.                            | **SUPPORT OF MOTION TO DISMISS PETITION FOR**

17 | **BEN CURRY, Warden,**                   | **WRIT OF HABEAS CORPUS**
**Correctional Training Facility,**

18 |                          Respondent. | *Oral Argument Not Requested*

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

# TABLE OF CONTENTS

2
**Page**

3   STATEMENT OF THE CASE                                                          1

4          A.    Trial Court Proceedings (SCD110490)                             1

5          B.    Appeal To California Court Of Appeal (D025195)                 2

6          C.    Trial Court Proceedings - Resentencing Following Remand (SCD110490)   2

7          D.    State Petitions For Writs Of Habeas Corpus                     2

8                1.    *San Diego County Superior Court (HC 18565)*            2

9                2.    *California Court Of Appeal (D049321)*                   3

10               3.    *California Supreme Court (S148952)*                     3

11         E.    Instant Petition For Writ Of Habeas Corpus (08cv0079-W (RBB))   3

12  STATEMENT OF FACTS                                                           4

13  ARGUMENT                                                                     4

14  **I.    THE PETITION SHOULD BE DISMISSED WITH PREJUDICE
        BECAUSE IT IS BARRED BY THE STATUTE OF**
15      **LIMITATIONS**                                                         4

16  CONCLUSION                                                                   8

17

18

19

20

21

22

23

24

25

26

27

28

08cv0079-W (RBB)

1

**TABLE OF AUTHORITIES**

2

Page

3  **Cases**

4  Barrow v. New Orleans S.S. Ass'n
   932 F.2d 473 (5th Cir. 1991)                                    6
5

   Bennett v. Artuz
6  199 F.3d 116 (2d Cir. 1999)
   aff'd, 531 U.S. 4
7  148 L. Ed. 2d 213
   121 S. Ct. 361 (2000)                                          6
8

   Calderon v. U. S. District Court (Kelly)
9  163 F.3d 530 (9th Cir. 1998)                                   6

10 Calderon v. U.S. District Court (Beeler)
   128 F.3d 1283 (9th Cir. 1997)                                 6, 7
11

   Carey v. Saffold
12 536 U.S. 214
   122 S. Ct. 2134
13 153 L. Ed. 2d 260 (2002)                                      6

14 Delaney v. Matesanz
   264 F.3d 7 (1st Cir. 2001)                                    6
15

   Dennis v. Woodford
16 65 F. Supp. 2d 1093
   1097 (N.D.Cal. 1999)                                          7
17

   Evans v. Chavis
18 546 U.S. 189
   126 S. Ct. 846
19 163 L. Ed. 2d 684 (2006)                                      6

20 In re Clark
   5 Cal.4th 750
21 21 Cal.Rptr.2d 509
   855 P.2d 729 (1993)                                           5
22

   In re Swain
23 34 Cal.2d 300
   209 P.2d 793 (1949)                                           5
24

   Irwin v. Dept. of Veterans Affairs
25 498 U.S. 89
   111 S. Ct. 453
26 112 L. Ed. 2d 435 (1990)                                      6

27 Marsh v. Soares
   223 F.3d 1217 (10th Cir. 2000)                                7
28

## TABLE OF AUTHORITIES  (continued)

**Page**

Miles v. Prunty
187 F.3d 1104 (9th Cir. 1999)                                          6, 7

Patterson v. Stewart
251 F.3d 1243 (9th Cir. 2001)                                          5

People v. Superior Court (Romero)
13 Cal.4th 497 (1996)                                                 2

Smith v. McGinnis
208 F.3d 13 (2d Cir. 2000)
cert. denied
531 U.S. 840
121 S. Ct. 104
148 L. Ed. 2d 63 (2000)                                              6

Turner v. Johnson
177 F.3d 390 (5th Cir. 1999)                                         6

Valverde v. Stinson
224 F.3d 129 (2nd Cir. 2000)                                         7


**Constitutional Provisions**

United States Constitution
    Fourteenth Amendment                                            4


**Statutes**

28 United States Code
    § 2244(d)                                                       4
    § 2244 (d) (1) (B)-(D)                                          6


California Evidence Code
    1101, subd. (b)                                                 2


**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996
    (the AEDPA)                                                     4

08cv0079-W (RBB)

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | MARILYN L. GEORGE, State Bar No. 119232
Deputy Attorney General
6 |  110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-3038
Fax: (619) 645-2191
9 | Email: Marilyn.George@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **TERRY HURN,**                                       08cv0079-W (RBB)

15 |                                     Petitioner,    **MEMORANDUM OF POINTS AND AUTHORITIES IN**
16 |          **v.**                                       **SUPPORT OF MOTION TO DISMISS PETITION FOR**
17 | **BEN CURRY, Warden,**                               **WRIT OF HABEAS CORPUS**
**Correctional Training Facility,**
18 |                                     Respondent.   *Oral Argument Not Requested*
19 |

20 |

21 |
                                  **STATEMENT OF THE CASE**
22 |
     **A.    Trial Court Proceedings (SCD110490)**
23 |

24 |          Following a jury trial, Petitioner, Terry Hurn, was found guilty of committing a residential

25 | burglary in 1994.  After admitting two prior strike convictions were true, Petitioner was sentenced

26 | to a total prison term of 35-years-to-life.  Lodgment 1 at 1-2.

27 | ///

28 | ///

1      **B.    Appeal To California Court Of Appeal (D025195)**

2         Petitioner raised two claims in his appeal to the California Court of Appeal, Fourth

3 Appellate, Division One, in Case No. D025195. **(1.)** Petitioner claimed the trial court abused its

4 discretion by allowing details of one of his prior residential burglaries into evidence pursuant to

5 California Evidence Code section 1101, subdivision (b), to establish his intent when he entered the

6 residence. Lodgment 1 at 4-9. **(2.)** Petitioner claimed the trial court mistakenly believed it did not

7 have the power to strike one of his prior strike convictions. Lodgment 1 at 9.

8         In an unpublished opinion filed on April 7, 1997, Petitioner's conviction was affirmed, but

9 the matter was remanded to the trial court by the California Court of Appeal, Fourth Appellate

10 District, Division One, for resentencing (citing People v. Superior Court (Romero), 13 Cal.4th 497

11 (1996)). Lodgment 1 at 9-10.

12         As no Petition for Review was filed with the California Supreme Court, the Court of

13 Appeal issued a Remittitur on June 6, 1997. Lodgment 2.

14      **C.    Trial Court Proceedings - Resentencing Following Remand (SCD110490)**

15         On July 18, 1997, the trial court reaffirmed the sentence originally imposed as it found no

16 good reason to strike either of Petitioner's prior serious felony convictions. Lodgment 3.

17      **D.    State Petitions For Writs Of Habeas Corpus**

18         **1.   *San Diego County Superior Court (HC 18565)***

19         Petitioner filed a pro se Petition for Writ of Habeas Corpus with the San Diego County

20 Superior Court on June 13, 2006, in Case No. HC 18565, In the matter of Terry Hurn. Lodgment

21 4. In the sole claim presented in that Petition, Petitioner claimed the trial court's determination that

22 his 1990 conviction for residential burglary constituted a prior strike conviction "breached

23 Petitioner's 1990 contract and violated his fourteenth Amendment right to due process." Lodgment

24 4 at three of six.

25         In an order filed on August 10, 2006, the San Diego County Superior Court denied the

26 habeas petition as it found Petitioner had failed to make a prima facie showing that he was entitled

27 to habeas corpus relief. Lodgment 5 at 2. The Superior Court also found the habeas petition was

28 ///

1  untimely, and that it presented an issue that had been, or should have been, raised on appeal.
2  Lodgment 5 at 3.

3      **2.  *California Court Of Appeal (D049321)***

4          On September 1, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the
5  California Court of Appeal, Fourth Appellate District, Division One, in Case No. D049321.
6  Lodgment 6. In the sole claim presented in that pro se filing, Petitioner claimed the trial court's
7  determination that his 1990 conviction "was a serious felony conviction for the purposes of
8  [California Penal Code section] 667 (b) thru (i) breached the petitioner's 1990 contract and violated
9  his fourteenth Amendment right to due process." Lodgment 6 at three of six.

10         On November 29, 2006, the Court of Appeal filed an Order in which it denied the habeas
11  petition in Case No. D049321. The Court of Appeal explained "enhanced sentences in a future
12  prosecution for a yet uncommitted crime is an indirect, collateral consequence of a guilty plea.
13  [Citation]" Lodgment 7 at 2. The Court of Appeal noted the determination whether a prior
14  conviction constitutes a strike is not made at the time of the prior conviction and found Petitioner
15  had failed to show that his sentence was illegal. Lodgment 7 at 2.

16      **3.  *California Supreme Court (S148952)***

17         On December 31, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the
18  California Supreme Court in Case No. S148952. Lodgment 8. In the sole claim presented in that
19  pro se filing, Petitioner again claimed the trial court's finding that his 1990 [residential burglary]
20  conviction constituted a prior serious felony conviction "breached the petitioner's 1990 contract and
21  violated his fourteenth Amendment right to due process." Lodgment 8 at three of six.

22         On June 13, 2007, the California Supreme Court filed an Order in which it summarily
23  denied the habeas petition in Case No. S1548952. Lodgment 8.

24      **E.  Instant Petition For Writ Of Habeas Corpus (08cv0079-W (RBB))**

25         On January 14, 2008, Petitioner filed his initial Petition for Writ of Habeas Corpus with
26  this Court. (No. 08cv0079-W (RBB).) On January 18, 2008, this Court dismissed the Petition
27  without prejudice as Petitioner had failed to satisfy the filing fee requirement. On March 17, 2008,
28  Petitioner paid his filing fee and filed his First Amended Petition for Writ of Habeas Corpus. In the

08cv0079-W (RBB)

1  order dated May 12, 2008, this Court ordered the instant matter reopened and set a briefing schedule.

2  In the sole claim presented to this Court in the First Amended Petition, Petitioner claims

3  the trial court "breached Petitioner's [1990 plea agreement] contract in violation of the Fourteenth

4  Amendment due process clause." Petition at 6, and attached memorandum.

5  **STATEMENT OF FACTS**

6  On September 30, 1994, George Walke was notified by his gardener that his house in

7  Chula Vista had been burglarized. Walke returned to his home later that day, looked around, then

8  called the police. Items missing from his home included two VCRs, compact discs, a Rolex watch,

9  a diamond ring, a lawn mower, a chipper/shredder, and two bicycles. Walke noticed a screen and

10  window had been removed from the garage. Walke had not opened that window since he built the

11  house. Petitioner's palm print was found on the outside of that window, and his fingerprints were

12  found on the inside of the window. Petitioner's fingerprints were also found on the door handle of

13  a truck parked inside the garage. Lodgment 1 at 2-3.

14  **ARGUMENT**

15  **I.**

16  **THE PETITION SHOULD BE DISMISSED WITH PREJUDICE**
   **BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS**

17

18  Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the

19  AEDPA), Petitioner had one year after his state proceedings became final on **September 16, 1997**,

20  plus any time that was tolled while he was properly seeking state collateral relief, in which to file

21  his federal Petition for a Writ of Habeas Corpus in this Court. 28 U.S.C. § 2244(d). Petitioner did

22  not file his initial Petition with this Court until January 14, 2008, and his First Amended Petition was

23  not filed until March 17, 2008. Therefore, both the initial Petition and the First Amended Petition

24  were untimely and this matter should be dismissed with prejudice.

25  Following the remand, Petitioner's resentencing hearing was held on **July 18, 1997**. As

26  it appears Petitioner did not file another appeal[1] after he was resentenced, the judgment in

27  _____

28  1. Petitioner does not refer to, and Respondent has no record of, any subsequent appeals.

08cv0079-W (RBB)

1   Petitioner's case became final 60 days later on **September 16, 1997**.  California Rules of Court,

2   former rule 31 (a) [current rule 8.308].  Thus, the one-year statute of limitations in Petitioner's case

3   began to run on **September 17, 1997**.  As no collateral state petition was filed during the ensuing

4   year, Petitioner's one-year statute of limitations expired on **September 16, 1998**.  Patterson v.

5   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

6          On **June 4, 2006**, which was 2,818 days after the statute of limitations expired, Petitioner

7   constructively filed [2] his first state habeas petition with the San Diego County Superior Court in

8   Case HC 18565.  Lodgment 4.  That habeas petition was denied by the San Diego County Superior

9   Court on August 10, 2006, in part because it found the filing untimely.  Lodgment 5 at 3, citing In

10  re Clark, 5 Cal.4th 750, 765 [21 Cal.Rptr.2d 509, 855 P.2d 729] (1993), and In re Swain, 34 Cal.2d

11  300, 304 [209 P.2d 793](1949).

12         Section 2244 of Title 28 of the United States Code provides, in pertinent part:

13         (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas

14         corpus by a person in custody pursuant to the judgment of a State court.  The

15         limitation period shall run from the latest of --

16              (A) the date on which the judgment became final by the conclusion of

17         direct review or the expiration of the time for seeking such review;

18              (B) the date on which the impediment to filing an application created by

19         State action in violation of the Constitution or laws of the United States is

20         removed, if the applicant was prevented from filing by such State action;

21              (C) the date on which the constitutional right asserted was initially

22         recognized by the Supreme Court, if the right has been newly recognized by the

23         Supreme Court and made retroactively applicable to cases on collateral review;

24         or

25              (D) the date on which the factual predicate of the claim or claims presented

26         could have been discovered through the exercise of due diligence.

---

28         2. This was the date the petition was signed.

08cv0079-W (RBB)

1    (2) The time during which a properly filed application for State post-conviction or

2    other collateral review with respect to the pertinent judgment or claim is pending[3/] shall

3    not be counted toward any period of limitation under this subsection.

4    Specifically, seven years, eight months, and nineteen days elapsed between the beginning

5    of Petitioner's one-year statute of limitations on September 17, 1997, and the constructive filing of

6    his first state habeas petition on June 4, 2006. Lodgment 4. Such a delay can not be considered

7    reasonable. Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) [six

8    month delay not a "reasonable time" and could not be considered "pending"], citing Carey v. Saffold,

9    536 U.S. 214, 222-223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

10   Petitioner is not entitled to a later limitation period pursuant to the provisions of § 2244

11   (d) (1) (B)-(D). There was no state impediment to Petitioner's filing of a habeas petitioner with

12   either this Court or any of the California courts, and Petitioner's instant claims do not depend on a

13   new or recently recognized constitutional right.

14   Nor is Petitioner entitled to equitable tolling. Equitable tolling is available only where

15   "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file a

16   timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Calderon v. U.S. District

17   Court (Beeler), 128 F.3d 1283, 1288-1289 (9th Cir. 1997), overruled on other grounds by Calderon

18   v. U. S. District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling is available only

19   in "rare and exceptional circumstances." See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000),

20   cert. denied, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 63 (2000), quoting Turner v. Johnson, 177

21   F.3d 390 (5th Cir. 1999). Equitable tolling does not extend to what are at best "garden variety"

22   contentions of "excusable neglect." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct.

23   453, 112 L. Ed. 2d 435 (1990); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); cf. Barrow v.

24

---

25   3. A state habeas petition is pending from the time it is first filed until finally disposed of

26   and further appellate review is unavailable under the particular state's procedures. Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4, 148 L. Ed. 2d 213, 121 S. Ct. 361 (2000); Carey

27   v. Saffold, 536 U.S. 214, 153 L. Ed. 2d 260, 122 S. Ct. 2134 (2002) (holding that the term "pending"

28   may include the intervals between a lower court decision and a filing in a higher court for motions for collateral review).

08cv0079-W (RBB)

1   New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of knowledge of applicable filing

2   deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal

3   rights" generally do not justify tolling).  Consequently, equitable tolling is rarely granted.  Dennis

4   v. Woodford, 65 F. Supp. 2d 1093, 1097 (N.D.Cal. 1999).  Given the nature of the claims presented,

5   Petitioner is not entitled to equitable tolling due to his own failure to exercise due diligence.  Miles

6   v. Prunty, 187 F.3d at 1107.

7           District Courts have been cautioned to be mindful of Congress's desire to accelerate the

8   federal habeas corpus process.  Beeler, 128 F.3d at 1289.  The burden is on Petitioner to satisfy the

9   demanding standard of demonstrating "extraordinary circumstances" to be entitled to equitable

10  tolling.  Id.  A petitioner must establish that the extraordinary circumstances caused the delay.  See

11  Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (holding that the prisoner is required "to

12  demonstrate a causal relationship between the extraordinary circumstances on which the claim for

13  equitable tolling rests and the lateness of his filing"), and Marsh v. Soares, 223 F.3d 1217, 1221

14  (10th Cir. 2000) (rejecting equitable tolling claim because, even if temporary closure of prison

15  library constituted extraordinary circumstances, prisoner "has not shown how this lack of access

16  caused his delay in filing").

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2        For the reasons set forth above, the instant First Amended Petition is untimely. Respondent

3    respectfully requests this Court to dismiss the First Amended Petition with prejudice, and to deny

4    any request for certificate of appealability.

5              Dated:  June 20, 2008

6                              Respectfully submitted,

7                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

8                              DANE R. GILLETTE
                               Chief Assistant Attorney General
9
                               GARY W. SCHONS
10                             Senior Assistant Attorney General

                               KEVIN VIENNA
11                             Supervising Deputy Attorney General

12

13                             s/Marilyn L. George

14                             MARILYN L. GEORGE
                               Deputy Attorney General
15
                               Attorneys for Respondent
16    MLG:dp

17    70128052.wpd
      SD2008700388

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Terry Hurn v. Ben Curry, Warden, Correctional Training Facility**

No.:   **08cv0079-W (RBB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266.

On June 23, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

Terry Hurn
J-90989
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 23, 2008, at San Diego, California.

|                   |                   |
|-------------------|-------------------|
| D. Perez          |                   |
| Declarant         | Signature         |

70128072.wpd