

```
Terry Hurn J-90989
CTF-Central DW-217Up
P.O. Box 689
Soledad, CA. 93960-0689
In Pro Per
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HURN,<br>    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br>    Respondent. | Case No. 08CV0079-W (RBB)<br><br>OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>Ruben B. Brooks,<br>U.S. Magistrate Judge |

    Petitioner Terry Hurn hereby submits this opposition to the respondent's motion to dismiss the petition for writ of habeas corpus.

    Petitioner does not dispute that under normal circumstances he would be procedurally barred, but this is not a normal circumstance, and he now argues why the petition should not be dismissed.

    To dismiss the instant petition would be a miscarriage of justice. He may still obtain review of his constitutional claim if he falls within "the narrow class of cases... implicating a fundamental miscarriage of justice (Schulp v. Delo, 115 S.Ct. 851, 861 (1995); McClesky v. Zant, 111 S.Ct. at 1470). Petitioner contends that he does indeed fall within

that narrow class of cases.

In his claim the Petitioner made a claim of actual innocence when he asserted that he never agreed to a conviction for a serious felony, or that the conviction could be used in the future for any purpose, in relation to the 1990 prior which is the basis of the instant claim, and which was used to sentence him to 35 years to life under California's three-strikes law. He further claims that "after" he agreed to a simple felony, signed and initialed the agreement, someone from the State added in ink that the conviction carried a five year prior, which is interpreted as being a serious felony conviction. (See Exh.A of the instant petition: Plea agreement at #8b (f).). Again, this claim inherently includes a claim of actual innocence.

The relevance of the claim of actual innocence, which is not an actual claim, is first, that the 1990 prior conviction was used as a serious felony prior. And that without it the State could not have sentenced Petitioner to life in prison under the three-strikes law, which requires that prior convictions be for serious or violent felonies. Second, the actual innocence claim is offered only to bring the Petitioner within the "narrow class of cases." It is only a gateway through which he must pass to have his otherwise barred constitutional claim considered on the merits." (Schlup v. Delo, 115 S.Ct. 851, 861; Herrera v. Collins, 506 U.S. at 404, 113 S.Ct. at 862; see also 11 F.3d at 740).

If the Petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the

trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the Petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim (Schlup v. Delo, 115 S.Ct. 851, 861 (1995). In the instant case, it was during the Petitioner's trial on his priors when the error occurred. And the claim was never raised, neither was the evidence of actual innocence presented. It is clear that the evidence offered in the plea form shows that the Petitioner did not agree to a serious felony, and that the consequence of a five year prior, denoting a serious felony, was inserted "after the Petitioner signed and initialed the agreement. The error cannot reasonably be deem harmless, as it was that specific prior that allowed the State to sentence Petitioner to life in prison. Thus there can be no confidence in the outcome of that trial.

### CONCLUSION

For the foregoing reasons, the Petitioner requests that this court deny the Respondent's motion to dismiss the petition and issue an order to show cause.

Dated: 7-20-08

Respectfully Submitted,

Terry Hurn, In Pro Per

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ Terry Hurn _____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Terry Hurn, CDCR #: J-90989
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: DW-217 Up
SOLEDAD, CA 93960-0689.

On _____, I served the attached:

Opposition to Respondent's Motion To Dismiss Petition For

Writ of Habeas Corpus

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Marilyn L. George
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA. 92101
P.O. Box 85266
San Diego, CA. 92186-5266

United States District Court
Southern District- San Diego
880 Front St. #4290
San Diego, CA. 92101-8900

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on  7-20-08  .

Terry Hurn, In Pro Per
Declarant