UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HURN,<br><br>   Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>   Respondent. | Civil No. 08cv0079 W (RBB)<br><br>**REPORT AND RECOMMENDATION RE: GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [DOC. NO. 10]** |

  Petitioner Terry Hurn, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus [doc. no. 1] pursuant to 28 U.S.C. § 2254 on January 14, 2008, and an Amended Petition [doc. no. 5] was filed on March 17, 2008. In the sole ground of the Amended Petition, Petitioner asserts that the trial court breached the terms of his plea agreement in violation of the Fourteenth Amendment Due Process Clause. (Am. Pet. 6.)

  On June 23, 2008, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus [doc. no. 10], asserting that Hurn's claim is barred by the statute of limitations. (Resp't's Mem. P. & A. 4.) Petitioner filed an Opposition to Respondent's Motion to Dismiss [doc. no. 12] on July 23, 2008. The Court has

reviewed the Amended Petition and supporting memorandum, Respondent's Motion and Memorandum in Support of the Motion, Petitioner's Opposition, and the lodgments.  For the reasons discussed below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**.

## I.    FACTUAL BACKGROUND

George Walke left his home for vacation on September 27, 1994. (Lodgment No. 1, People v. Hurn, No. D025195, slip op. 2 (Cal. Ct. App. Apr. 7, 1997).)  Before he returned home on September 30, 1994, someone broke into his home and stole several items, including two VCRs, over a hundred CDs, a Rolex watch, a diamond ring, a lawnmower, a chipper, and two bicycles.  (Id.)  Terry Hurn's fingerprints and palmprint were found inside the garage, where several of the stolen items had been located.  (Id. at 2-3.)

## II.    PROCEDURAL BACKGROUND

On July 12, 1995, an information was filed charging Petitioner with residential burglary.  (Id. at 3.)  The information also alleged that Hurn had two prison priors, two serious felony priors, and two violent felony priors.  (Id.)  Hurn's first trial ended in a mistrial.  (Id.)  He was tried again, and on December 7, 1995, a jury convicted Petitioner of first-degree residential burglary. (Id. at 3-4.)  Hurn admitted the special allegations were true. (Id. at 4.)  He was sentenced under the three strikes law to a term of twenty-five years to life, with two additional five-year terms for the priors to run consecutively, for a total term of thirty-five years to life.  (Id.)

Petitioner filed an appeal in which he asserted that the trial court erred by admitting evidence of a prior burglary conviction to

1  demonstrate intent and by denying a motion to strike the priors.
2  (Id. at 4, 9.)  The court of appeal found the trial judge had not
3  appropriately considered Hurn's motion to strike the priors, so the
4  case was remanded for resentencing.  (Id. at 9-10.)  A remittitur
5  was issued on June 9, 1997.  (Lodgment No. 2, People v. Hurn, No.
6  D025195, Remittitur (Cal. Ct. App. June 9, 1997).)  On July 18,
7  1997, Judge E. Mac Amos, Jr. held a hearing on Petitioner's motion
8  to strike.  (Lodgment No. 3, People v. Hurn, No. SCD110490,
9  criminal mins. (Cal. Super. Ct. July 19, 1997).)  The judge denied
10 the motion and reaffirmed the sentence of thirty-five years to life
11 that had been previously imposed.  (Id.)

12     Almost nine years later, on June 13, 2006, Hurn filed a
13 petition for writ of habeas corpus in the Superior Court for the
14 County of San Diego.  (Lodgment No. 4, Pet. 1, Hurn v. Curry, No.
15 HC18565 (Cal. Super. Ct. Aug. 10, 2006).)  Petitioner asserted that
16 the trial court breached the terms of a plea agreement he entered
17 in 1990 by finding that the 1990 conviction was a serious felony
18 prior for purposes of the three strikes law.  (Id. at 3.)  The
19 court denied his petition on August 10, 2006, because Hurn had not
20 met his burden of producing evidence to support his claim, the
21 petition was untimely, and Petitioner raised new arguments that
22 should have been raised on direct appeal.  (Lodgment No. 5, In re
23 Hurn, No. HC18565, Order Denying Pet. 2-3 (Cal. Super. Ct. Aug. 10,
24 2006).)

25     Hurn filed a habeas petition in the California Court of Appeal
26 on September 1, 2006, again asserting that the trial court violated
27 the Fourteenth Amendment by breaching the terms of his 1990 plea
28 agreement by using the conviction to impose a sentencing

enhancement in 1995. (Lodgment No. 6, Pet. 3, <u>Hurn v. Curry</u>, No. D049321 (Cal. Ct. App. Nov. 29, 2006).) The petition was denied on November 29, 2006, because the appellate court found that Petitioner failed to establish his sentence was illegal. (Lodgment No. 7, <u>In re Hurn</u>, No. D049321, slip op. 1-2 (Cal. Ct. App. Nov. 29, 2006).) On December 21, 2006, Hurn filed a habeas petition in the California Supreme Court asserting the same claim. (Lodgment No. 8, Pet. 3, <u>Hurn v. Curry</u>, No. S148952 (Cal. June 13, 2007).) The petition was summarily denied on June 13, 2007. (Lodgment No. 9, <u>In re Hurn</u>, No. S148952, order 1 (Cal. June 13, 2007).)

Petitioner filed a Petition for Writ of Habeas Corpus [doc. no. 1] in this Court on January 14, 2008. The Petition was dismissed for failure to pay the filing fee. (Order Den. IFP App. [doc. no. 3].) An Amended Petition [doc. no. 5] was filed on March 17, 2008.

### III.   STANDARD OF REVIEW

Because Hurn filed his Amended Petition after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. 28 U.S.C.A. § 2244 (West 2006). AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see also <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner must allege that the state court violated his federal constitutional rights. Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

In 1996, Congress "worked substantial changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997). Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

## IV. DISCUSSION

The statute of limitations for habeas corpus petitions is set forth in AEDPA. As amended by AEDPA, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date one which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West Supp. 2007). Petitioner has not asserted that subsections (B)-(D) of § 2244(d)(1) apply to his case, so § 2244(d)(1)(A) provides the applicable date on which the limitations period began to run.

  Petitioner's direct appeal was decided by the California Court of Appeal on April 7, 1997. (Lodgment No. 1, <u>People v. Hurn</u>, No. D025195, slip op. 1.) He was resentenced on July 18, 1997. (Lodgment No. 3, <u>People v. Hurn</u>, No. SCD110490, criminal mins. 1.) Hurn did not file a second direct appeal after the resentencing. (<u>See</u> Resp't's Mem. P. A. & 4 & n.1.) Accordingly, his case became final sixty days later on September 16, 1997. <u>See</u> Cal. R. Ct. 8.308(a)(2008)(formerly Rule 30.1(a)). The statute of limitations for Petitioner's federal habeas corpus claim began to run on September 17, 1997, and, absent statutory or equitable tolling, would have expired on September 16, 1998. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R. Civ. Pro. 6(a)) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included.").

  Petitioner filed his federal Petition on January 14, 2008, over nine years after his conviction became final. Hurn's Amended

1  Petition, filed on March 17, 2008, relates back to the filing of
2  his original Petition because the amended pleading asserts the same
3  ground for relief.  See Fed. R. Civ. P. 15(c); 28 U.S.C.A. § 2242
4  (West 2006).  Nevertheless, unless Petitioner is entitled to
5  sufficient statutory or equitable tolling, this action is barred by
6  AEDPA's statute of limitations.

7  **1.    <u>Statutory Tolling</u>**

8       Under AEDPA, the statute of limitations is tolled during
9  periods when a petitioner has a properly filed application for
10 collateral review pending in state court.  Specifically, 28 U.S.C.
11 § 2244(d)(2) states:

12          The time during which a properly filed application
            for State post-conviction or other collateral review with
13          respect to the pertinent judgment or claim is pending
            shall not be counted toward any period of limitation
14          under this subsection.

15 28 U.S.C. § 2244(d)(2) (West Supp. 2007).

16      In addition, the interval between the disposition of one state
17 petition and the filing of another may be tolled under "interval
18 tolling."  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).  "[T]he
19 AEDPA statute of limitations is tolled for 'all of the time during
20 which a state prisoner is attempting, through proper use of state
21 court procedures, to exhaust state court remedies with regard to a
22 particular post-conviction application.'"  <u>Nino v. Galaza</u>, 183 F.3d
23 1003, 1006 (9th Cir. 1999) (quoting <u>Barnett v. Lemaster</u>, 167 F.3d
24 1321, 1323 (10th Cir. 1999)); <u>see also</u> <u>Carey</u>, 536 U.S. at 219-22.

25      AEDPA's statute of limitations is tolled from the time a
26 petitioner's first state habeas petition is filed until state
27 collateral review is concluded, but it is <u>not</u> tolled before the
28 first state collateral challenge is filed.  <u>Thorson v. Palmer</u>, 479

1  F.3d 643, 646 (9th Cir. 20007) (citing Nino, 183 F.3d at 1006).
2  Thus, the statute of limitations was not tolled for the period
3  between September 17, 1997, when Hurn's conviction became final,
4  and June 13, 2006, when his first state habeas petition was filed.
5  A subsequently filed petition for state collateral relief cannot
6  revive an expired statute of limitations.  Jiminez v. Rice, 276
7  F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003
8  (9th Cir. 2000).  Because the statute had already run by the time
9  Hurn sought state collateral review, statutory tolling will not
10 save his Petition.

11 **2.   Equitable Tolling**

12      Equitable tolling of the statute of limitations is appropriate
13 when "'extraordinary circumstances beyond a prisoner's control make
14 it impossible'" for the petitioner to file a timely petition.
15 Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting
16 Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)); Stillman
17 v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003); Miles v. Prunty,
18 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).  "[A]
19 litigant seeking equitable tolling bears the burden of establishing
20 two elements:  (1) that he has been pursuing his rights diligently,
21 and (2) that some extraordinary circumstance stood in his way."
22 Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(citations omitted);
23 see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th
24 Cir. 2005).

25      "'[T]he threshold necessary to trigger equitable tolling
26 [under AEDPA] is very high, lest the exceptions swallow the rule.'"
27 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)(quoting
28 United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. Miles, 187 F.3d at 1107. "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Petitioner asserts that the dismissal of his Amended Petition would be a "miscarriage of justice" because he has a "claim of actual innocence." (Pet'r's Opp'n 1-2.) He urges the Court to excuse his failure to file within the time limitations because there is "evidence of innocence so strong that a court cannot have confidence in the outcome . . . ." (Id. at 2-3.) In support of this argument, Hurn cites Schlup v. Delo, 513 U.S. 298 (1995), and McClesky v. Zant, 499 U.S. 467 (1991). (Pet'r's Opp'n 1.)

In Schlup and McClesky, the Supreme Court established that a court can excuse a habeas petitioner's procedural default and consider the merits of his petition if the petitioner has a convincing claim of innocence. Schlup, 513 U.S. at 314-15; McClesky, 499 U.S. at 494.

> In order to pass through Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "[T]he Schlup standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327). A petitioner must do more than establish a claim of insufficient evidence. Id.

(citations omitted). Instead, he must show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329.

Although Hurn labels his claim as one of actual innocence, he does not appear to argue that he is innocent of the burglary for which he was convicted in 1995. Instead, he contends that the untimeliness of his Amended Petition should be excused because his due process claim is meritorious. (Pet'r's Opp'n 1-2.) Petitioner states,

> [H]e never agreed to a conviction for a serious felony, or that the conviction could be used in the future for any purpose, in relation to the 1990 prior which is the basis of the instant claim, and which was used to sentence him to 35 years to life under California's three-strikes law. He further claims that 'after' he agreed to a simple felony, signed and initialed the agreement, someone from the State added in ink that the conviction carried a five year prior, which is interpreted as being a serious felony conviction.

(Id. at 2.) Hurn does not claim that he was actually innocent of the crimes for which he pled guilty in 1990, or the burglary for which he was convicted in 1995. His contention that he has a meritorious habeas claim is not sufficient to equitably toll AEDPA's statute of limitations.

Because Petitioner has not presented any evidence that he did not commit the crimes for which he was charged, he is not entitled to equitable tolling based on a claim of innocence. Hurn does not assert any other grounds for equitable tolling. Accordingly, tolling is not appropriate in this case, and Petitioner's Amended Petition should be dismissed as untimely.

//
//

**V. CONCLUSION**

For the reasons set forth above, the Court recommends that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before October 15, 2008. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before October 29, 2008. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: September 17, 2008

RUBEN B. BROOKS
United States Magistrate Judge

cc:  Judge Whelan
     All parties of record