1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TERRY HURN, | CASE NO. 08-CV-0079 W (RBB) |
|---|---|
| Petitioner, | **ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY (DOC NO. 16.)** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

On January 14, 2008, Petitioner Terry Hurn, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On March 17, 2008, Petitioner filed an Amended Petition. (Doc. No. 5.) The Amended Petition challenges Petitioner's sentence as a breach of the terms of his plea agreement in violation of the Fourteenth Amendment Due Process Clause. (Am. Pet. 6.)

On June 23, 2008, Respondent filed a motion to dismiss the Amended Petition as time barred under the applicable statute of limitations. On July 23, 2008, Petitioner filed an opposition. On September 17, 2008, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report") recommending that the Court grant Respondent's motion and ordering objections to be filed by October 15, 2008. (Doc.

No. 13.) Petitioner failed to file any objections. On November 14, 2008, the Court denied the Amended Petition. (Doc. No. 14.)

Now pending before the Court is Petitioner's Application for Certificate of Appealability ("COA"). (Doc. No. 16.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's COA.

## I.   BACKGROUND

In July 1995, Petitioner was charged with residential burglary. (*Report* at 2.) Petitioner's first trial ended in a mistrial. (*Id.*) A jury convicted Petitioner in the second trial of first-degree residential burglary. (*Id.*) Because Petitioner admitted to having two prison priors, two serious felony priors, and two violent felony priors, he was sentenced under the three strikes law to twenty-five years to life, with two additional five-year terms for the priors to run consecutively, for a total term of thirty-five years to life (*Id.*) Petitioner appealed and the court of appeal remanded the case for resentencing. (*Id.* at 3.) The trial court reaffirmed the sentence of thirty-five years to life. (*Id.*)

Almost nine years later, on June 13, 2006, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court asserting that the trial court breached the terms of a plea agreement he entered in 1990. (*Report* at 3.) On August 10, 2006, the court denied the petition. (*Id.*) On September 1, 2006, Petitioner filed a habeas petition in the California Court of Appeal, which was also denied. (*Id.* at 3-4.) On December 21, 2006, Petitioner filed a habeas petition in the California Supreme Court. (*Id.*) The California Supreme Court denied the petition on June 13, 2007. (*Id.*)

On January 14, 2008, Petitioner commenced this action. (Doc. No. 1.) After the original Petition was dismissed for failure to pay the filing fee, Petitioner filed the Amended Petition on March 17, 2008. (Doc. No. 5.) On November 14, 2008, this Court denied the Amended Petition. (Doc. No. 14.) Petitioner's COA followed.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III. DISCUSSION

The limitations period for habeas corpus petitions under AEDPA is one year. 28 U.S.C. § 2244(d). Here, Magistrate Judge Brooks found that Petitioner filed his state habeas petition almost nine years after his conviction became final. In failing to object to the Report, Petitioner waived the right to challenge this factual finding by Magistrate Judge Brooks. Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991); Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1991).

Because Petitioner's state habeas petition was filed nearly nine years after his conviction became final, the Court concludes that reasonable jurists would not find the decision that the Amended Petition is time barred debatable or wrong. Nor would

reasonable jurists find that the decision that tolling does not apply is debatable or wrong. For these reasons, the COA is denied.

### IV. CONCLUSION

Petitioner's Amended Petition did not raise any novel questions of law that were close calls or issues on which reasonable jurists could disagree. For the foregoing reasons, the Court **DENIES** Petitioner's COA (Doc. No. 16).

**IT IS SO ORDERED**

DATED: January 21, 2009

_____
Hon. Thomas J. Whelan
United States District Judge